# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| AMANDA AMERSON and MATTHEW JAMES AMERSON,<br><br>**Plaintiffs,**<br><br>-against-<br><br>HOOK & BOOK RECOVERY SC, LLC and CARMAX BUSINESS SERVICES, LLC,<br><br>**Defendants.** | Civil Case Number:<br>3:25-cv-3122-JDA<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs AMANDA AMERSON and MATTHEW JAMES AMERSON (hereinafter, "Plaintiffs"), South Carolina residents, bring this Complaint by and through the undersigned attorneys against Defendants HOOK & BOOK RECOVERY SC, LLC and CARMAX BUSINESS SERVICES, LLC (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs bring this action after the Defendants breached the peace and illegally repossessed their vehicle, without having any present right of possession to that vehicle, thereby illegally converting their vehicle and blatantly violating South Carolina law. Plaintiffs also bring a claim against Defendant Hook and Book for illegally repossessing

their vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692. Finally, the Plaintiffs seek the replevin of their vehicle, as well as damages for the illegal conversion of the vehicle.

4. Plaintiffs are seeking the return of their illegally seized vehicle, statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff AMANDA AMERSON (hereinafter "Mrs. Amerson") is a natural person and a resident of Chapin, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Plaintiff MATTHEW JAMES AMERSON (hereinafter "Mr. Amerson") is a natural person and a resident of Chapin, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant HOOK & BOOK RECOVERY SC, LLC, (hereinafter referred to as "Hook & Book Recovery"), is a repossession company, with its principal place of business in North Charleston, SC.

8. Upon information and belief, Defendant Hook & Book Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. Defendant Hook & Book Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant Carmax Business Services, LLC ("Carmax") is an auto lender, with its headquarters in Richmond, Virginia

## ALLEGATIONS OF FACT

11. Plaintiffs repeat, reiterate and incorporate the allegations contained in the above paragraphs

with the same force and effect as if the same were set forth at length herein.

12. The Plaintiffs own a 2021 Jeep Cherokee, which was purchased from a CarMax dealership in Columbia, South Carolina.

13. The Plaintiffs purchased this vehicle outright.

14. The Plaintiffs do not have any loans or liens encumbering the title of this vehicle.

15. While owned by the Plaintiffs, the vehicle has always had a clean title and no liens recorded against the title.

16. Plaintiffs have never been aware of any liens or financing secured by the vehicle.

17. Upon information and belief, at some point prior to March 25, 2025, CarMax – either directly or through a middleman company known as a 'forwarder' in the repossession industry - contracted with Defendant Hook & Book Recovery to repossess the Plaintiffs' vehicle, claiming that it has a security interest in the 2021 Jeep Cherokee.

18. On or about March 25, 2025, during her lunch break, Mrs. Amerson was lawfully seated in her 2021 Jeep Cheroke which was parked in the parking lot of her workplace, with the engine still running.

19. At some point before 12:45 P.M., Mrs. Amerson felt her car jump and saw a repossession truck blocking her vehicle.

20. Before Mrs. Amerson could exit the vehicle to confront the driver of the repossession truck (hereinafter referred to as "Defendants' repo agent"), Defendants' repo agent had already hooked and lifted the Plaintiffs' occupied vehicle to the tow truck.

21. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

22. The Defendant's repo agent knew that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage, but did so anyway.

23. Mrs. Amerson immediately asked Defendant's repo agent to explain what was going on.

24. Defendant's repo agent then informed Mrs. Amerson that he was there to repossess the Jeep Cherokee.

25. Mrs. Amerson objected to the attempted repossession, explaining that she holds valid title to the vehicle.

26. Defendant's repo agent told Mrs. Amerson that her objections were invalid because the car title was under her husband's name, Mr. Amerson.

27. Once again, Mrs. Amerson objected to the repossession, explaining that Defendant's repo agent could not lawfully repossess the vehicle, but Defendant's repo agent did not care because the vehicle was still in the system for repossession.

28. After Mrs. Amerson refused to let the repo agent take the vehicle, and realizing that he would not be able to complete the repossession with the Plaintiff refusing to exit the vehicle, the Defendants' repo agent then threatened to call the police.

29. Once those threats failed to get Ms. Amerson to exit the vehicle, the Defendants' repo agent carried out his threats and called the police on Ms. Amerson.

30. Once armed law enforcement arrived, Mrs. Amerson provided the officers with documentation she had available to prove that the repossession was unlawful.

31. Defendant's repo agent informed law enforcement officers that Mrs. Amerson would have to call CarMax in order to resolve the issue.

32. Looking for clarity on the situation, Mrs. Amerson then asked law enforcement officers to explain what would happen if she were to refuse to allow Defendant's repo agent to take

the vehicle.

33. Law enforcement officers informed Mrs. Amerson that if she refused to cooperate, she would be arrested and taken to jail.

34. Despite the Defendants not having any right to possession of the vehicle, and despite Mrs. Amerson actively protesting the repossession, the Defendant's repo agent refused to stop with the repossession and continued to repossess the vehicle.

35. Subsequently, Plaintiffs contacted the CarMax dealership where the vehicle had been purchased, only to be told that the company had no record of the repossession and that the Plaintiffs have valid title of the vehicle.

36. To this date, the Defendants continue to hold onto the Plaintiffs' vehicle, along with the possessions contained therein.

37. As a result of the Defendants' illegal actions, the Plaintiffs wasted countless hours on the phone trying to get their vehicle back and have been deprived of their vehicle and possessions.

38. Plaintiffs further suffered anger, annoyance, frustration, embarrassment and emotional distress as a result of the Defendants' illegal actions.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

39. Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Plaintiffs bring this Count against Defendant Hook & Book Recovery.

41. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

42. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (B)  the property is exempt by law from such dispossession or disablement.

43. Under S.C. Code Ann. § 36–9–609, a secured party may take possession of collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

44. At the time of the repossession, the Defendant did not have an enforceable security interest in the Plaintiffs' vehicle, but seized the vehicle anyway and then held that vehicle even after alerted that they had no right to take the vehicle.

45. Furthermore, because the Defendant did not have an enforceable security interest in the vehicle, the vehicle was clearly exempt by law from dispossession.

46. Moreover, at the time of the repossession and disablement, the Plaintiff Mrs. Amerson was clearly and actively protesting the repossession while inside the vehicle, preventing the Defendant from towing the vehicle without resorting to a breach of the peace.

47. As a result, the Defendant did not have the present right to possession of the Plaintiffs' vehicle when they attempted to repossess it, and was prohibited from repossessing it.

48. Moreover, after committing their breaches of the peace during their attempts to repossess the Plaintiffs' vehicle, Plaintiffs' vehicle was also clearly exempt from repossession.

49. As a result, the Defendant violated 15 USC § 1692f(6) when they repossessed the Plaintiffs' vehicle on March 25, 2025.

50. By attempting to illegally repossess the Plaintiffs' vehicle in violation of the FDCPA – and by subsequently illegally repossessing the vehicle - Defendant harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving the Plaintiffs of the use of their vehicle and the possessions contained therein, and by subjecting the Plaintiffs to unfair and unconscionable means to collect a debt.

51. Defendant's illegal activity also harmed the Plaintiffs by causing them to suffer anger, anxiety, wasted time, emotional distress, frustration and embarrassment.

52. By reason thereof, Defendant Hook & Book Recovery is liable to the Plaintiffs for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### S.C. Code Ann. § 36-9-601 *et seq.*

53. The Plaintiffs repeat and re allege the preceding paragraphs of this Complaint and incorporate the same herein.

54. Plaintiffs bring this Count against all Defendants.

55. South Carolina only permits self-help repossession of consumer motor vehicles when such repossession can be recovered without breach of the peace, and only where the lender has an enforceable security interest. S.C. Code Ann. § 36-9-601, S.C. Code Ann. § 36-9-609, S.C. Code Ann. § 36-9-610.

56. At the time of the repossession, the Defendants did not have an enforceable security interest in the Plaintiffs' vehicle, but they seized the vehicle anyway and then held that vehicle for

a period, even after they were alerted that they had no right to take the vehicle.

57. Defendants further breached the beach when they repossessed the Plaintiffs' vehicle by failing to stop the repossession in the face of Ms. Amerson's unequivocal protests, by recklessly hooking and lifting that vehicle when that vehicle was running and occupied and by involving armed law enforcement to help them complete the repossession.

58. As a direct and proximate result of the Defendants' illegal repossession, Plaintiffs suffered damages, including the loss of use of the vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, damage to the vehicle, as well as mental and emotional harm including frustration and embarrassment.

59. By illegally repossessing the Plaintiffs' vehicle in violation of the UCC, Defendants harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiffs to unfair and unconscionable means to collect a debt.

60. Defendants' illegal activity also harmed the Plaintiffs by causing them to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing them to waste time and effort in trying to regain possession of the vehicle and by depriving them of the use of their vehicle and the possessions contained therein.

## COUNT III

### CONVERSION

61. Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. As set forth above, the Defendants wrongfully repossessed the Plaintiffs' vehicle even

though they had no enforceable security interest in the vehicle and at a time that the Plaintiffs were instead entitled to the present use of their own vehicle and the possessions contained therein.

63. The Defendants then held Plaintiffs' vehicle for a period of time, and continue to hold onto that vehicle and the possessions contained therein, thereby exercising control over the Plaintiffs' property.

64. Defendants' conversion of Plaintiffs' vehicle harmed Plaintiffs, by literally stealing and holding their vehicle and the possessions contained therein. Defendants further harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving them of the use of their vehicle and the possessions contained therein, in causing Plaintiffs to waste countless hours in trying to recover their vehicle, and by subjecting them to unfair and unconscionable means to collect a debt.

65. Defendants' illegal activity also harmed the Plaintiffs by causing them to suffer monetary damages, damage to their vehicle, anger, anxiety, emotional distress, frustration and embarrassment.

66. By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants wrongfully converted the Plaintiffs' vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## COUNT IV

### REPLEVIN

67. Plaintiffs repeat, reiterate and incorporate the allegations contained in the preceding

paragraphs above herein with the same force and effect as if the same were set forth at length herein.

68. On or about March 25, 2025, the Defendants illegally seized the Plaintiffs' Jeep Cherokee even though the Plaintiffs were the full legal owners of that vehicle with no other enforceable security interests in that vehicle held by the Defendants or anyone else.

69. To this day, the Defendants intentionally and wrongfully continue to exercise control and dominion over the Jeep Cherokee and have refused to return it.

70. The Jeep Cherokee has a value far in excess of twenty dollars, as the vehicle was purchased by the Plaintiffs for thousands of dollars.

71. The Plaintiffs had an immediate ownership and possessory interest in the Jeep Cherokee when it was repossessed, and continue to have that same interest to this day.

72. At all times, the Defendants knew that they had no ownership or possessory rights to the vehicle, but nonetheless decided to quite literally steal the Jeep Cherokee from the Plaintiffs.

73. Defendants' actions harmed Plaintiffs, by literally stealing and holding their vehicle, along with the possessions contained therein.

74. Defendants' illegal activity also harmed Plaintiffs by causing them to suffer anger, anxiety, emotional distress, frustration and embarrassment.

75. By reason thereof, Plaintiffs are entitled to have the vehicle replevied and to be restored to full and immediate possession of the vehicle.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a) awarding Plaintiffs their actual damages incurred, as well as punitive damages;

(b) awarding the Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding the Plaintiffs the return of their vehicle and the possessions contained therein;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: April 7, 2025

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Local Counsel for Plaintiffs*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Pro Hac Vice To Be Filed*
*Attorneys for Plaintiffs*